[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SUPPRESS STATEMENTS
The defendant, Ronald Benzinger, stands charged in a substitute information dated June 17, 2002 with the crime of manslaughter in the second degree in violation of Connecticut General Statute (C.G.S.) §53a-56, misconduct with a motor vehicle in violation of C.G.S. §53a-57, assault in the second degree in violation of C.G.S. § 53a-60
(a)(3) and evading responsibility in violation of C.G.S. § 14-224
(a).
The defendant has filed a motion dated May 31, 2002 to suppress the following:
Any and all statements made by the defendant to members of the Connecticut State Police Department or any other law enforcement agents of the State of Connecticut, including personnel of the Department of Corrections relating to the subject matter of the alleged offense, including, but not limited to, the following:
1. Any statements made by the defendant on March 7, 2001 to Connecticut State Police Officers Leitkowski and Rief. Defendant makes the motion pursuant to Practice Book § 41-12 et seq. and in accordance with the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and Article First, Section 8 of the Constitution of the State of Connecticut.
As grounds for said motion, the defendant asserts the following:
1. Said statements were not voluntary, in violation of the defendant's privilege against self-incrimination. CT Page 9510
2. Said statements were obtained without the defendant having made a knowing and intelligent waiver of his right to remain silent.
3. Said statements were obtained in violation of the defendant's right to counsel.
4. Said statements were the result of an illegal arrest and detention of the defendant.
Evidentiary hearing was held before this court on June 18, 2002. At this hearing the court heard testimony from Detective Stephen G. Rief, and Detective Jay Leitkowski, both of the Connecticut State Police.[1]
After considering the testimony and credibility of the witnesses, as well as the documentary evidence received as exhibits, the court finds the following facts were established at the hearing.
At approximately 11:42 PM on March 1, 2001, an automobile crash occurred on Route 2 west bound between exits 21 and 22 in Colchester, Connecticut. The responding troopers discovered a 1994 blue Oldsmobile Cutlass Supreme driven by Nancy Ogren on the shoulder of the highway. The car had been struck from behind by a second vehicle that had subsequently left the scene. Nancy Ogren had been thrown from the vehicle and suffered facial lacerations, an injury to her neck, multiple contusions and a bruised left lung. Ms. Ogren's passenger, Holly Cohen, was ejected from the vehicle and suffered fatal injuries. Ms. Cohen was pronounced dead on the scene.
As a result of the ensuing investigation, state police determined that a vehicle owned and operated by the defendant, Robert Benzinger, may have struck Ms. Ogren's vehicle on the evening of March 1. Detectives Reif and Leitowski were dispatched in an attempt to locate the suspected vehicle on March 7, 2001. The detectives located the defendant's vehicle at Walt's Country Motors, a body shop on Route 85 in Colchester. Benzinger's vehicle had damage suggesting a collision with another vehicle. After speaking with William Sawchuck, the vice-president of Walt's Country Motors, Detective Leitkowski learned that the defendant had brought the vehicle to the garage that day to have body work performed. Detective Leitkowski remained at the shop with the intention of questioning the defendant when he returned to recover his vehicle.
Prior to the defendant's arrival at Walt's Country Motors, the defendant's vehicle was seized. The detectives hid their vehicles so as to not be in view.
At approximately 6:25 PM, the defendant arrived at Walt's Country CT Page 9511 Motors. Dressed in civilian clothing, including waist-holstered sidearms, Detectives Rief and Leitkowski approached Mr. Benzinger and identified themselves as detectives with the state police. The detectives informed the defendant that they wished to interview him regarding an investigation. The defendant indicated that he understood and agreed to the interview. The defendant indicated that he wished to talk at his parent's residence which was diagonally across the street and approximately 100 yards away from Walt's Country Motors. The defendant entered the front passenger seat of Detective Rief's unmarked police cruiser, with Detective Rief driving and Detective Leitkowski located in the rear passenger seat of the vehicle.
Detective Rief then drove the police vehicle to the residence and parked in the driveway. There was nothing in the vehicle that would prevent a person from exiting the vehicle. There were no special handles on the doors that would make it impossible for a person to leave. There was no cage separating the front of the vehicle from the rear. The defendant was never placed in handcuffs or restrained in any way. The doors to the vehicle remained unlocked. Detective Rief advised the defendant that he was not under arrest and was free to leave or end the conversation at any time. Detective Rief further informed the defendant that he could stop talking at any point.
The defendant then gave an oral and written statements to the detectives describing a crash he had been involved in on Route 2 westbound between exits 21 and 22 in Colchester. The accident occurred around the time of the crash involving Ms. Ogren's vehicle. The statement form had pre-printed information affirming that the defendant was providing the statement without fear, threat or promise. At the end of the conversation, the defendant exited the vehicle and entered his parent's residence.
Under Miranda v. Arizona, 384 U.S. 436 (1966), before a suspect can be subjected legally to custodial interrogation he [she] must be advised: (1) of his right to remain silent; (2) that anything he says can be used against him in the court of law; (3) that he has the right to the presence of counsel; and (4) if he cannot afford the services of an attorney one will be appointed for him prior to any questioning if requested. The state concedes that neither Detectives Rief nor Leitkowski gave the defendant any Miranda warnings prior to the questioning of March 7, 2001. However, Miranda can be invoked only when there is custodial interrogation. Beckwith v. United States, 425 U.S. 341, 346-7. This means that before an individual suspected of a crime is entitled to the protection of Miranda warning, "two threshold issues must be satisfied . . . (1) the defendant must have been in custody [of law enforcement officers]; and (2) the defendant must have been subjected to police CT Page 9512 interrogation." State v. Atkinson, 235 Conn. 748, 757 (1996).
Additionally, "the defendant has the burden of proving custodial interrogation . . . before the state must prove adequate warnings of the rights that inhere in the privilege against self-incrimination were given to the defendant and that the defendant's waiver of his rights was constitutionally valid." State v. Johnson, 241 Conn. 702, 718 (1997).
Our Supreme Court has concluded that a "interrogation" includes any words or actions on the part of law enforcement personnel that they should know are reasonably likely to illicit an incriminating response.State v. Burak, 201 Conn. 517, 531 (1986); State v. Evans, 203 Conn. 212,225 (1987). The court finds that the interview of the detectives was in fact an interrogation.
In determining whether the defendant was placed into custody the ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.State v. Johnson, 241 Conn. 702, 719 (1997). A person is in custody only if a "reasonable person" would have believed that he was not free to leave. We must look at the totality of the circumstances of the questioning in order to determine whether a reasonable person would have construed those circumstances as placing him in a custody situation. Miranda rights are required only when a reasonable person would have felt he or she was not at liberty to terminate the interrogation and leave.State v. Pinder, 250 Conn. 385, 410 (1999).
The court finds that the defendant has not established his burden of proving that he was in custody as previously defined when he made oral and written statements on March 7, 2001. Accordingly, the defendant's motion to suppress is denied.
Dubay, J.